IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD WALLS,
    Petitioner,

v.

WARDEN EBBERT,
    Respondent.

Civil Action No. 3:14-cv-2135

(Judge Mariani)

## MEMORANDUM

**I.**   **Background**

On November 5, 2014, Petitioner, Richard Walls, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that Respondent violated the Second Chance Act of 2007 by delaying his placement in a halfway house. (Doc. 1). For relief, Walls requests that the Court order the Bureau of Prisons to: "(1) [p]rovide [him] with a definite release date to a halfway house which should be December 8, 2014"; "(2) [p]rovide [him] with a definite date for home confinement"; and, "(3) [p]rovide [him] with the full benefits of the Second Chance Act." (*Id.* at p. 8). At the time his petition was filed, Walls was incarcerated at the Lewisburg Federal Prison Camp in Lewisburg, Pennsylvania. (*Id.*).

On November 16, 2015, Respondent filed a suggestion of mootness stating that Walls was released from the United States Penitentiary Lewisburg Camp to a Residential Re-entry Center on March 2, 2015. (Doc. 8-1, Declaration of Paralegal Specialist Susan Albert, ¶ 2). Thereafter, on March 6, 2015, Walls was released to home confinement. (*Id.* at ¶ 3). Respondent argues that the habeas petition is therefore moot. (Doc. 8, p. 2) (citing

*Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")). For the reasons set forth below, the habeas petition will be dismissed as moot.

II.   **Discussion**

Article III of the United States Constitution provides that the "judicial power shall extend to... cases... [and] to controversies." U.S. Const. art. III, § 2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.'" *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (citing *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001)). "The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'" *Nationalist Movement*, 273 F.3d at 533 (quoting *Blanciak*, 77 F.3d at 98-99). Furthermore, "the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. *See Khodara Envtl.*, Inc., 237 F.3d at 193 (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990))."

*Nationalist Movement*, 273 F.3d at 533. Once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).

Walls' petition for writ of habeas corpus has been rendered moot by virtue of his release from federal custody to home confinement. Walls has received the relief requested, namely, to be released to a halfway house and to home confinement. Further, because Walls has been released from custody, he cannot demonstrate any continuing collateral consequence or injury. As there is no longer a live case or controversy, the instant petition for writ of habeas corpus will be dismissed as moot. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

A separate Order will be issued.

Date: November 17, 2015

Robert D. Mariani
United States District Judge